# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KAREN GUERTIN,

    Plaintiff,

vs.

NATIONSTAR, et al.,

    Defendants.

Case No. 2:11-cv-01167-GMN-PAL

**ORDER**

(IFP App - Dkt. #4)

    Plaintiff Karen Guertin is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint. This proceeding was referred to this court by Local Rule IB 1-9.

**I.**    ***In Forma Pauperis* Application**

    Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.**    **Screening the Complaint**

    Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

### A. Factual and Legal Allegations.

Plaintiff's Complaint is long and difficult to follow. She alleges that she was the owner of property located at 4340 N. Valadez Street, Henderson, Nevada 89129. On August 15, 2007, she received a loan for the purchase of the property from Defendant Greenpoint Mortgage Funding, Inc. The Deed of Trust lists Defendant Greenpoint Mortgage Funding, Inc. as the beneficiary of the mortgage, and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for Greenpoint. Plaintiff requested a loan modification from Greenpoint, who informed her that she could not receive a loan modification until she was at least ninety days delinquent on her account. Plaintiff stopped making her monthly payments. Ninety days later, Plaintiff again contacted Greenpoint for a loan modification, which she received. Subsequently, the servicing of the loan was transferred to Defendant Nationstar. Nationstar refused to honor the loan modification and required Plaintiff reapply for a loan modification. Plaintiff does not allege she received a loan modification from Nationstar.

On March 18, 2011, Defendant Quality recorded a Notice of Breach and Default with the Clark County Recorder's Office. Plaintiff contends that the Notice of Default was defective because Greenpoint was no longer a beneficiary under the Deed of Trust because the Deed of Trust had been assigned to U.S. Bank National Association, as trustee for the holders of Maiden Lane Asset Backed Securities I Trust 2008-1 ("U.S. Bank") on February 11, 2011. Plaintiff asserts that MERS was not authorized to assign rights under the Deed of Trust.

Additionally, Plaintiff asserts that on May 13, 2011, she sent Defendant Nationstar a qualified written request pursuant to 12 U.S.C. § 2605(e)–the Real Estate Settlement Procedures Act

("RESPA")–regarding her loan. Plaintiff contends Nationstar has not provided her with certain requested documents, including the Pooling and Servicing Agreements, in an "attempt to obscure the true holder of the note and [to] obstruct the investigation of the chain of title." Complaint at ¶50. On March 10, 2011, Plaintiff sent Nationstar a demand letter for verification of the debt pursuant to the Fair Debt Collection Practices Act.

In her first cause of action, Plaintiff contends that Defendants violated RESPA in the following ways: (a) by double charging for the same services and charging excessive and predatory fees; (b) by failing to correctly disclose fees, finance charges, the correct amount financed or providing any account history or application of payments in connection with the loan; and (c) by mis-applying payments to the balance of the loan and not correctly disclosing the annual percentage rate of interest charged.

Second, Plaintiff alleges that Defendants committed fraud by instructing Plaintiff not to pay her mortgage for ninety days in order to obtain a loan modification. She asserts that because she relied on these representations, her credit was damaged, and she suffered emotional distress. Plaintiff also contends that none of the Defendants are present holders of the loan documents, and they are not entitled to enforce it.

In her third and fourth causes of action, Plaintiff asserts that Defendants did not have the authority to institute the foreclosure process against her home. None of the Defendants are holders of the instrument, and they are not entitled to enforce the loan. Additionally, Defendants did not have authority to execute and record the Notice of Default because it was not lawfully assigned to them. She contends there was no requirement to be in default to obtain a loan modification, and Defendants engaged in predatory lending practices and violated state and federal laws in initiating foreclosure proceedings.

Finally, in her fifth cause of action, Plaintiff asserts that because the Notice of Default was filed without proper authority, Defendants violated the Fair Debt Collection Practices Act.

  **B.**  **Applicable Law & Legal Analysis.**

  **1.**  **RESPA.**

Plaintiff alleges Defendants violated 12 U.S.C. § 2605(e) by failing to respond to her qualified written request under section 2605. Section 2605 provides that a borrower may send a qualified written

request to his or her loan servicer which includes his or her account number and a statement of the reasons he or she believes his or her account is in error.  Alternatively, the request may also seek other information, provided the borrower states sufficient detail regarding that information.  12 U.S.C. § 2705(e)(1)(B).  The servicer is then required, within sixty days, to make appropriate corrections to the borrower's account and send the borrower notification of any corrections.  Additionally, after conducting an investigation, the servicer must send a written explanation to the borrower that includes a statement of reasons the account is correct, the name of the person at the servicer's place of business who can assist the borrower, and the information requested by the borrower or an explanation why the information cannot be obtained by the servicer.  12 U.S.C. § 2705(e)(2).

Here, Plaintiff sent Defendant Nationstar a qualified written request on May 13, 2011, which she attached to her Complaint as Exhibit 3.  Plaintiff alleges that Defendants failed to provide a written report of their findings within sixty business days.  However, she only mailed the qualified written request to Defendant Nationstar, and her Complaint provides no factual allegations to support a claim for RESPA violation against any of the other Defendants.  Additionally, the Complaint does not provide any factual information to enable the court to determine whether Nationstar complied with 12 U.S.C. § 2605(e).  It is unclear whether Nationstar responded to the letter, and Plaintiff believes its response is deficient, or whether Nationstar failed to respond to the letter.  *Compare* ¶ 53 of Complaint (alleging Nationstar provided "virtually none" of the requested information, suggesting that it did provide some information) *with* ¶ 72 (alleging Nationstar failed to provide any response).  Accordingly, her § 2605(e) violation claim against the Defendants will be dismissed with leave to amend.

With respect to Plaintiff's claim that Defendants violated RESPA by charging excessive fees, that claim must fail as a matter of law.  12 U.S.C. § 2607 does not prohibit "excessive" fees**.**  *See Ramos v. Chase Home Finance*, – F.Supp.2d –, 2011 WL 3793346 at *9 (D. Hi. Aug. 25, 2011) (*citing Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 554 (9th Cir. 2010) (concluding that § 2607 "cannot be read to prohibit charging fees, excessive or otherwise, when those fees are for services actually performed.  Accordingly, Plaintiff's claim under § 2607 will be dismissed.

Plaintiff's claim for violation of RESPA disclosure violations must also be dismissed.  She has not identified which Defendant failed to disclose what information.  More importantly, RESPA does

not contain a private right of action for a failure to disclose. *See, e.g., Bloom v. Martin*, 865 F.Supp. 1377, 1384-85 (N.D. Cal. 1994) ("The structure of RESPA's various statutory provisions indicates that Congress did not intend to create a private right of action for disclosure violations"). Plaintiff's RESPA disclosure violation claim will be dismissed.

### 2. Fraud.

Plaintiff alleges that Defendants committed fraud by instructing her to stop making mortgage payments to obtain a loan modification. In order to state a claim for fraud under Nevada law, a plaintiff must show: (a) false statements were made by the defendant; (2) defendant's knowledge or belief that the representation is false (or an insufficient basis for making the representation); (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; plaintiff's justified reliance on the misrepresentation; and damage to the plaintiff resulting from such reliance. *Bulbman, Inc. v. Nev. Bell,* 825 P.2d 588, 592 (Nev. 1992). Additionally, Federal Rule of Civil Procedure 9(b) requires that fraud be pled with particularity. Plaintiff has not sufficiently pled an action for fraud under Rule 9(b). Plaintiff has not identified the fraudulent statements with particularity, nor has she asserted Defendants knowingly made any false statements intending to induce reliance. Plaintiff's fraud claim will be dismissed.

### 3. Wrongful Foreclosure.

Wrongful foreclosure is a tort claim arising under state law. Under Nevada law, a plaintiff must show that at the time the power of sale was exercised, or when the foreclosure occurred, no breach of condition or failure of performance existed on the plaintiff's part which would authorize the foreclosure or exercise of the power of sale. *See Collins v. Union Fed'l Sav. & Loan Ass'n,* 662 P.2d 610, 623 (Nev. 1983). In other words, a plaintiff cannot state a claim for wrongful foreclosure where there is a default. Here, Plaintiff states that she stopped paying her mortgage payments in order to obtain a loan modification. *See* Complaint at ¶20. Accordingly, Plaintiff's wrongful foreclosure claim will be dismissed.

### 4. Fair Debt Collection Practices Act.

Plaintiff alleges that because the Defendants filed a Notice of Default without authorization, they have violated the FDCPA. Plaintiff fails to state a valid claim under the FDCPA because

"[f]oreclosure does not constitute debt collection under" the FDCPA. *See Smith,* 773 F.Supp.2d at 944 (*citing Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1987)). Additionally, "mortgagees and their beneficiaries, including mortgage servicing companies, are not debt collectors subject to the FDCPA." *Karl v. Quality Loan Service Corp*., 759 F.Supp.2d 1240, 1248 (D. Nev. 2010) (internal citations omitted). Although the Ninth Circuit has not ruled on the question, the district courts in this Circuit have held that foreclosure of a mortgage in and of itself does not constitute debt collection as contemplated by the FDCPA. *See Smith,* 773 F.Supp.2d at 944 (*citing Odinma v. Aurora Loan Servs.*, 2010 WL 2232169 at *11-12 (N.D. Cal. June 3, 2010) (collecting cases)). Therefore, Plaintiff's FDCPA claim will be dismissed.

### 5. Improper Transfer/Filing.

Plaintiff alleges that Defendant Quality did not have authority to file the Notice of Default. Plaintiff cites *Kartman v. Ocwen Lan Servicing*, *LLC*, for the proposition that it is a statutory defect in Nevada for an entity that is not yet the beneficiary, trustee, or an agent of one of these to record the Notice of Default." However, *Kartman* is distinguishable from this case. There, the foreclosing entity was not the beneficiary, the trustee, or an agent of either. Here, Defendant Quality signed the Notice of Default as Trustee for U.S. Bank, the beneficiary of Plaintiff's mortgage. *See* Notice of Default, Exhibit 1 to Complaint. U.S. Bank became the beneficiary when MERS, acting as nominee for the original lender and beneficiary, Greenpoint, assigned the deed of trust to U.S. Bank on February 11, 2011. *See* Assignment of Deed of Trust, Exhibit 2 to Complaint. Accordingly, Plaintiff cannot state a claim that Quality did not have authority to file the Notice of Default.

Plaintiff also contends that MERS' assignment of the Deed of Trust to U.S. Bank was improper because MERS does not have authority to transfer such interests. However, the Assignment makes clear that MERS was transferring all beneficial interest under the Deed of Trust in its capacity "as nominee for Greenpoint Mortgage Funding, Inc., it's [sic] Successors and Assigns." *See* Exhibit 1 at 2. As nominee, MERS is the agent of the beneficiary, and it has the authority to make assignments and substitutions of the trustee on the Deed of Trust. *See generally Weingartner v. Chase Home Finance, LLC*, 702 F.Supp.2d 1276, 1279-80 (D. Nev. 2010). Thus, Plaintiff cannot state a claim that MERS's transfer of the Deed of Trust was improper.

**6.      Breach of Duty of Good Faith & Fair Dealing.**

There is an implied covenant of good faith and fair dealing inherent in every contract whereby no party may do anything to destroy or injure the rights of another party to receive the fruits of the contract. *Weingartner*, 702 F.Supp.2d at 1288 (*citing* 17A Am.Jur.2d *Contracts* § 370 (2009)). Liability for breach of the good faith covenant exists where the party in a superior position has engaged in "grievous or perfidious misconduct." *Id.* (*citing Great Am. Ins. Co. v. Gen. Builders, Inc.*, 934 P.2d 257, 263 (Nev. 1997)). Here, Plaintiff has not set forth facts to support this claim. Additionally, as a threshold matter, Plaintiff has not alleged she was in a contractual relationship with any Defendant, and this claim will be dismissed with leave to amend.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is advised that she should specifically identify each claim and support it with factual allegations about each Defendant's actions. Complaints should not be needlessly long, highly repetitive, or rambling. Plaintiff should not submit evidence with her amended complaint–in other words, she should not file voluminous documents and other exhibits that support her claim. Instead, she should state, in a clear and concise way, what specific facts and circumstances occurred leading to the claims asserted in this lawsuit. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (stating a plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly); Fed. R. Civ. P. 8.

Additionally, Plaintiff is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based upon the foregoing,

**IT IS ORDERED:**

1.   Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.

3. The Clerk of the Court shall file the Complaint.

4. Plaintiff's Complaint is **DISMISSED** with leave to amend.

5. Plaintiff shall have until **February 17, 2012,** to file her amended complaint, if she believes she can correct the noted deficiencies.  The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case number, **2:11-cv-01167-GMN-PAL**, above the words "FIRST AMENDED" in the space for "Case No."

7. Plaintiff is expressly cautioned that if she does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 18th day of January, 2012

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE